RECEIVED
SEP 27 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BOBBIE HINSON | CIV. ACT. NO. 16-1009 |
| -vs- | JUDGE DRELL |
| CONCORDIA PARISH SCHOOL BOARD | MAG. JUDGE PEREZ-MONTES |

## MEMORANDUM RULING

Before the court is a motion for summary judgment (Doc. 18) filed on behalf of defendant, Concordia Parish School Board ("Concordia"), seeking dismissal of all claims by Plaintiff against it in the above-captioned suit. For the reasons expressed herein, the court finds that Concordia's motion should be GRANTED and, accordingly, all claims by Plaintiff against Concordia should be denied and dismissed with prejudice.

I.  **Background**

   A. **Relevant Facts**

Plaintiff, Bobbie Hinson ("Plaintiff" or "Hinson"), was employed by Concordia beginning in 1985, as an elementary school teacher. (Doc. 20 at p. 1). Hinson attained promotions to Assistant Principal and, in 2011, to Principal of Ferriday Lower Elementary ("FLE"). (Id.) Plaintiff retired from her position as Principal at FLE in June of 2015. (Id. at p. 7).

Thereafter, Hinson filed a charge of disability discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Doc. 1 at ¶ V). Hinson received "Notice of

1

Right to Sue" from the EEOC on or about May 23, 2016 and filed the instant suit on July 8, 2016. (Id.) Plaintiff asserts that she gave the requisite 30-day notice to Concordia of her intent to sue as required under LSA-R.S. 23:303(C). (Id.)

Plaintiff's complaint asserts disparate treatment claims under the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12102, *et seq*.) and the Louisiana Employment Discrimination Law ("LEDL") (La. R.S. §§ 23:301, *et seq*.). Plaintiff's claims are based upon allegations that, though her employer knew that she suffered from a disability under applicable law, a condition affecting her left foot, she was constructively discharged in violation of the ADA and LEDL. Specifically, Plaintiff alleges that she was offered an early retirement after 29 years of employment and when she declined such offer, she was informed that she would be transferred to a less-desirable, more physically-demanding school for the upcoming 2015-16 school year. (Doc. 1 at ¶¶ XVI – XVII). Plaintiff claims that she met with her supervisor, Superintendent Dr. Paul Nelson, and informed him that, because of her disability, she was unable to fulfill the duties of Principal at Ferriday Junior High ("FJH"), where she was to be transferred. (Id. at ¶ XIX). According to Hinson, Dr. Nelson disregarded her pleas to remain at FLE. (Id. at ¶¶ XIX – XX). In late May, 2015, Plaintiff requested and was granted medical leave from June 1, 2015 until August, 2015, which Plaintiff supported by letter from her physician, Dr. Dennis LaRavia. (Id. at ¶¶ XXI – XXII). Hinson avers that her repeated requests to remain at FLE, where she was able to fulfill her responsibilities with "reasonable accommodations," were denied and she was replaced as Principal by another employee who was not disabled. (Id. at ¶ XXIV).

Defendant Concordia now moves for summary judgment on the basis that Plaintiff's claims fail because she is unable to establish a prima facie case under either the ADA or LEDL. (Doc. 18). We analyze the arguments and evidence offered by the parties below.

## B. APPLICABLE STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "We consider all evidence 'in the light most favorable to the party resisting the motion.'" Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 quoting Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). However, the non-moving party does not establish a genuine dispute with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

## II. ANALYSIS

Plaintiff's claims arise under the ADA and its Louisiana law counterpart, the LEDL. Claims under both statutes are analyzed using the framework of federal employment discrimination jurisprudence. Bell v. Hercules Liftboat Co., LLC, 524 Fed. Appx. 64 (5th Cir. 2013); Baker v. FedEx Ground Package System, Inc., 278 Fed. Appx. 322 (5th Cir. 2008) *citing* Smith v. Amedisys, Inc., 298 F.3d 434, 448 (5th Cir. 2002).

The ADA provides protection against discrimination in employment because of disability for qualified individuals. 42 U.S.C. § 12112. As a threshold requirement, the Plaintiff must show that she is disabled within the meaning of the ADA, which defines "disability" as "a physical or mental impairment that substantially limits one or more of the major life activities of such

individual." Plaintiff may, alternatively, show that she established a record of her alleged impairment or that she was regarded as having such impairment. 29 C.F.R. § 1630.2(g). These are generally referred to as the "three prongs" of disability. Id.

Plaintiff's complaint and her opposition to the instant motion are vague regarding the specific disability or disabilities she alleges under the relevant statutes. Only by reading the deposition transcripts in their entirety (as no specific citations to relevant testimony were provided on this issue) does the court get a sense of the several medical conditions on which Plaintiff bases her claims in this case. Dr. Dennis A. LaRavia ("Dr. LaRavia") a family practitioner and Plaintiff's treating physician during the relevant era, referenced foot pain attributable to calluses, ill-fitting footwear, obesity, smoking, diabetes and lack of exercise. (Deposition of LaRavia at Doc. 18-6, generally). Dr. LaRavia also treated Plaintiff for emotional distress that, in the court's opinion, presented the more operative diagnosis in this case. (Id. at 25:13-17).

The court has exhaustively reviewed the law and argument, as well as the deposition testimony offered by both parties. Plaintiff urges the court to find that testimony by Dr. LaRavia verifies that she was "substantially limited" in the major life activities of walking, standing and working. (Doc. 20 at pp. 12-13). The evidence demonstrates that Plaintiff may have been limited in her ability to stand for prolonged periods of time without walking, but Plaintiff does not assert, nor does she demonstrate that she was substantially limited in her ability to stand or that prolonged standing without walking was a necessity of her job at FLE or an expected part of her upcoming job at FJH. To the contrary, Dr. LaRavia specifically testified that he did not regard her as unable to perform the duties of her job at either FLE or FJH because of any foot condition. (Doc. 18-6 at 27:5-15).

4

On or about May 28, 2015, LaRavia sent a letter to Dr. Nelson requesting that Hinson be permitted a period of medical leave from June 1, 2015 until August of 2015. (Doc. 18-6 at 33:14-19). His testimony reveals that his recommendation of medical leave was based primarily on her emotional state. (Id. at 41:15-23).

Plaintiff's testimony affirms that she did not disclose that she had any limiting disability to her employer. (Doc. 18-5 at 51:3-21). Although she did report absences because of doctor visits or physical therapy, these sporadic absences do not convey the existence of a disability. (Id. at 45:18-22). Taylor v. Principal Financial Group, Inc., 93 F.3d 155 (5th Cir. 1996) (affirming grant of summary judgment in favor of defendant employer on the basis that employee failed to identify the specific limitations he alleged impacted his work, noting that an employer's responsibility is to accommodate specific limitations, not a general diagnosis or disability). Moreover, Plaintiff's own testimony affirms that she felt she was able to perform her duties at FLE without issue. Plaintiff estimated that approximately 70% of her days at FLE were spent walking, but she testified that she had no diminished capacity to perform the duties of her job. (Doc. 18-5 at 44:9-15; 52:2-6).

Similarly, the testimony shows that the knowledge imparted by Plaintiff to Cindy Smith, a school board employee to whom Plaintiff reported various absences, is insufficient to create a "record of disability." Though the school board, including Dr. Nelson, might have been aware of her prior foot surgery (though it was performed during summer months and likely didn't involve medical leave), knowledge or records indicating surgical procedures, follow-up care or even continuing symptoms is not enough to constitute a "record of disability" as is required under the ADA. Dupre v. Charter Behavioral Health Systems of Lafayette, Inc., 242 F.3d 610, 615 (5th Cir. 2001) (affirming district court's finding that information available to employer regarding

5

plaintiff's back problem did not provide sufficient notice of an impairment that limited a major life activity and, therefore, did not constitute a record of disability).

We note, here, that though Dr. LaRavia's testimony does indicate anxiety as a major factor in his decision to recommend a period of medical leave for Plaintiff, no evidence exists to show that Plaintiff disclosed this condition to any person other than her physician. Thus, our findings as to her establishment of actual disability and record of disability apply even more so to this segment of Plaintiff's case.

Finally, Plaintiff produced no evidence tending to show that she was "regarded as" disabled. As explained above, Plaintiff's own testimony demonstrates that she did not regard herself as disabled or limited in her job duties.

Given the foregoing, the court finds that Plaintiff has failed to show that she was disabled within the meaning of the ADA and LEDL. Accordingly, her claims fail as a matter of law and no further consideration is required. McInnis v. Alamo Community College Dist., 207 F.3d 276, 281 (5th Cir. 2000) (instructing that a threshold showing of either actual or perceived disability is required under the ADA, the failure of which is fatal to a plaintiff's case and ends the court's consideration of the case).

### III. CONCLUSION

Based upon Plaintiff's failure to demonstrate actual or perceived disability as required under both the APA and LEDL, the court finds that Plaintiff's claims for constructive discharge, retaliatory discharge and failure to accommodate fail as a matter of law. Accordingly, the motion for summary judgment filed by Concordia (Doc. 18) will be GRANTED in full and, accordingly,

all claims by Plaintiff against Concordia will be **DENIED** and **DISMISSED** with prejudice. The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**September 27, 2018**

_____
DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT